IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HAROLD R. BERK, | : | |
| Plaintiff, | : : : | |
| v. | : : | Civil Action No. 22-1506-RGA |
| WILSON C. CHOY, M.D., et al., | : : : | |
| Defendants. | : | |

MEMORANDUM

This is a medical malpractice case. (D.I. 1, ¶ 5). The original complaint alleged medical negligence against three defendants, each claim being in a separate count. Jurisdiction is based on diversity of citizenship. Defendants, a doctor and two hospitals, filed motions for in camera review of the "affidavit of merit" to determine whether Plaintiff had complied with the Delaware affidavit of merit statute. (D.I. 32, 33, 34). Upon cursory review of the two sealed filings (D.I. 23, 26), I did not see anything that looks like an affidavit, let alone an affidavit of merit. I issued an order to show cause to give Plaintiff an opportunity to direct me to any affidavits of merit. (D.I. 64). The deadline passed without any relevant response.

The legal issue is whether a federal court sitting in diversity is bound to apply the affidavit of merit statute as state substantive law. In the earlier briefing on the motions, Plaintiff essentially conceded that the Court of Appeals has ruled on essentially the same issue in the context of the Pennsylvania "certificate of merit" statute. *See Liggon-Redding v. Estate of Robert Sugarman*, 659 F.3d 258, 259-65 (3d Cir. 2011) (legal malpractice). The Third Circuit has also ruled on the same issue in the context of the New Jersey "affidavit of merit" statute. *See*

*Nuveen Mun. Trust ex rel. Nuveen High Yield Mun. Bond Fund v. WithumSmith Brown, P.C.*, 692 F.3d 283, 302-04 (3d Cir. 2012) (accounting malpractice; legal malpractice); *Chamberlain v. Giampapa*, 210 F.3d 154, 156-61 (3d Cir. 2000) (medical malpractice).

The Delaware statute, 18 Del. C. § 6853, is essentially the same as its Pennsylvania and New Jersey counterparts. It states in relevant part:

> No health-care negligence lawsuit shall be filed in this State unless the complaint is accompanied by:
>
> An affidavit of merit as to each defendant signed by an expert witness, as defined in § 6854 of this title, and accompanied by a current curriculum vitae of the witness, stating that there are reasonable grounds to believe that there has been health-care medical negligence committed by each defendant. . . . The affidavit or affidavits of merit shall set forth the expert's opinion that there are reasonable grounds to believe that the applicable standard of care was breached by the named defendant or defendants and that the breach was a proximate cause of injury or injuries claimed in the complaint. An expert signing an affidavit of merit shall be licensed to practice medicine as of the date of the affidavit; and in the 3 years immediately preceding the alleged negligent act has been engaged in the treatment of patients and/or in the teaching/academic side of medicine in the same or similar field of medicine as the defendant or defendants, and the expert shall be Board certified in the same or similar field of medicine if the defendant or defendants is Board certified.

18 Del. C. § 6853 (a)(1) & (c). Thus, the affidavit of merit at a minimum must be signed, sworn, and express relevant opinions about culpability.

Plaintiff's argument is that other circuits have ruled differently, and he predicts the Third Circuit will now hold that the affidavit of merit statutes are state procedural law, not state substantive law. In effect, Plaintiff argues that the Third Circuit will overrule its decisions in *Nuveen* and the earlier cases. I do not think that is likely, and, in any event, I cannot overrule Third Circuit cases. The Delaware statute is substantive law, and I need to apply it. Thus, I reject Plaintiff's main argument.

Plaintiff, in the alternative, states that he has complied with the affidavit of merit requirements by filing internet printouts about two doctors and some of Plaintiff's medical

records. (D.I. 37 at 18). Plaintiff does not point to any signed and sworn opinions about culpability authored by his two named experts. Indeed, there is nothing to indicate that the two doctors even know that he has submitted them as experts in this case.

In the middle of the briefing on the motions for in camera review, Plaintiff filed an amended complaint. (D.I. 38). It added counts for assault and battery against two Defendants, and failure to train against the third Defendant. Plaintiff subsequently moved to withdraw the three additional counts. (D.I. 53). I do not see that the motion is opposed. I therefore will grant it.

I will enter a separate order dismissing Plaintiff's three medical negligence counts without prejudice.

Entered this 4th day of April 2023.

/s/ Richard G. Andrews
United States District Judge